In the Matter of THEODORE RUDNITSKY, Appellant, v IRVING ANKER, as Chancellor of Schools, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review the respondent chancellor's determination that petitioner's physical disability did not result from a school accident, but from a prior accident, petitioner appeals from a judgment of the Supreme Court, Kings County, entered December 16, 1976, which dismissed the proceeding. Judgment affirmed, with $50 costs and disbursements. Where there exists "a difference of opinion between doctors as to the cause of petitioner's disability, respondents' determination, based upon the advice and recommendation of its Medical Board, cannot be said to be arbitrary and capricious" (see *Matter of McGovern v Lowery,* 39 AD2d 518, affd 32 NY2d 954). Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.

In the Matter of PAUL TEITELBAUM, Appellant, v SYLVIA TEITELBAUM, Respondent.—In a support proceeding, in which the petitioner father sought to suspend his obligation to pay child support, he appeals from an order of the Family Court, Kings County, dated November 5, 1976, which, after a hearing, *inter alia,* failed to suspend child support payments, but reduced the amount thereof to $25 per week. Order affirmed, without costs or disbursements. The Family Court did not abuse its discretion when it failed to grant the petition to suspend child support payments. Petitioner's argument that sections 413 and 414 of the Family Court Act are unconstitutional need not be addressed on this appeal (see *Bauer v Bauer,* 55 AD2d 895). Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.

In the Matter of GILMER TOTTEN et al., Appellants, v ZONING BOARD of APPEALS, CITY OF RYE, Respondent. ROBERT E. BURKE, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the City of Rye which, after a public hearing, granted the intervenor-respondent certain variances, the petitioners appeal from a judgment of the Supreme Court, Westchester County, dated March 4, 1976, which, *inter alia,* dismissed the petition. Judgment affirmed, without costs or disbursements, upon the opinion of Mr. Justice Sirignano at Special Term. Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.